**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
CAMERON GALE,

               **CASE NO.:** 5:14-CV-1238 (GTS/ATB)

    **Plaintiff,**

   -against-          **COMPLAINT**

EOS CCA,            **PLAINTIFF DEMANDS TRIAL**
                **BY JURY**

    **Defendant.**
-----------------------------------------------------X

## COMPLAINT

   CAMERON GALE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

   1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

   2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

   3.  Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Cazenovia, New York 13035.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    Defendant is a corporation with its principal place of business located at 700 Longwater Drive, Norwell, Massachusetts 02061.

8.    Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9.    At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt regarding an AT&T cellular telephone bill.

12.    Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

13.    On February 5, 2013, Defendant sent a collection letter to Plaintiff seeking payment for the alleged debt.  See Exhibit "A," February 2013 Collection Letter.

- 2 -

PLAINTIFF'S COMPLAINT

14.     Defendant's February 2013 Collection Letter represented the balance owed by Plaintiff as $1011.38; inclusive of the principal debt amount of $566.04, fees and collection costs of $101.89, and a category referred to as "other accounts" of $343.45.  See Id.

15.     Nearly one year later, on January 13, 2014, Defendant sent a second almost identical collection letter to Plaintiff again seeking payment for the alleged debt.  See Exhibit "B," January 2014 Collection Letter.

16.     Defendant's January 2014 Collection Letter again listed the balance owed by Plaintiff as $1011.38; inclusive of the principal debt amount of $566.04, fees and collection costs of $101.89, and a category referred to as "other accounts" of $343.45.  See Id.

17.     Neither of Defendant's collection letters provided any indication of any "other accounts" being sought for collection.  Nor did either collection letter explain how or why Plaintiff owed $343.45 for "other accounts."  See Exhibits "A" and "B."

18.     Upon information provided and belief, Defendant was only seeking to collect on one (1) alleged debt, originally owed to AT&T Mobility, and no other debts or accounts.

19.     Upon information provided and belief, Defendant attempted to collect a debt amount of $1011.38, which it was not authorized to collect.

20.     Upon information provided and belief, Defendant falsely represented that Plaintiff owed a $343.45 for "other accounts," which he in fact did not owe.

21.     In or around February 2014, concerned and confused by Defendant's false representations of the alleged debt amounts owed, Plaintiff placed several calls to Defendant to dispute the debt and request validation of the debt.

22.     During these calls, Plaintiff spoke with several of Defendant's collectors, including but not limited to individuals using the names of Sean Smith, Deborah Williams, and Warren Arnold.

23.     While speaking with Defendant's collectors, Plaintiff advised that he disputed the debt and requested that Defendant send him written validation of the debt.  In responses to Plaintiff, Defendant's collectors threatened to take legal action unless he paid the disputed debt.

24.     Upon information provided and belief, Defendant did not intend to take legal action against Plaintiff.  Instead, Defendant's collectors threatened to the take such action with the intent to coerce payment on a disputed debt.

25.     Defendant's actions in attempting to collect the alleged debt were made with the intent to harass, abuse, and annoy Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692d OF THE FDCPA**

26.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27.     Defendant violated § 1692d when it deceptively misrepresented the amount of debt allegedly owed by Plaintiff; when it sought to collect a debt from Plaintiff that he did not owe; and, when it threatened Plaintiff regarding a disputed debt with the intent to harass, oppress and abuse.

- 4 -

PLAINTIFF'S COMPLAINT

**COUNT II**
**DEFENDANT VIOLATED § 1692e OF THE FDCPA**

28.     A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29.     Defendant violated § 1692e when it deceptively misrepresented the amount of debt allegedly owed by Plaintiff; when it sought to collect an amount for "other debts" that Plaintiff did not owe; and, when it threatened to take legal actions against Plaintiff if he did not pay the disputed debt, without the actual intent to take such action.

**COUNT III**
**DEFENDANT VIOLATED § 1692e(2)(A) OF THE FDCPA**

30.     A debt collector violates § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

31.     Defendant violated § 1692e(2)(A) when it falsely represented that Plaintiff owed $1011.38, an amount he does not owe; when it falsely represented that Plaintiff owed $343.45 for "other debts," which he does not owe.

**COUNT IV**
**DEFENDANT VIOLATED § 1692e(5) OF THE FDCPA**

32.     A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

33.     Defendant violated § 1692e(5) when it threatened to take legal actions against Plaintiff, even though Defendant never actually intended to take such action.

**COUNT V**
**DEFENDANT VIOLATED § 1692e(10) OF THE FDCPA**

34.     A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35.     Defendant violated § 1692e(10) when it deceptively misrepresented the amount of debt allegedly owed by Plaintiff; when it sought to collect an amount for "other debts" that Plaintiff did not owe; and, when it threatened to take legal actions against Plaintiff if he did not pay the disputed debt, without the actual intent to take such action.

**COUNT VI**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

36.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

37.     Defendant violated § 1692f when it attempted to collect a debt from Plaintiff which he does not owed; when it harassed Plaintiff regarding a disputed debt; when it threatened Plaintiff; when it engaged in deceptive collection practices; and, generally, when it used unfair and unconscionable means to collect the alleged debt.


WHEREFORE, Plaintiff, CAMERON GALE, respectfully prays for judgment as follows:

      a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

      b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

PLAINTIFF'S COMPLAINT

e.   Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CAMERON GALE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ Craig Thor Kimmel___
Craig Thor Kimmel
Attorney ID #2790038
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1001 Avenue of the Americas, 12th Floor
New York, New York 10018
Phone: (212) 719-7543
Facsimile: (877) 617-2515
Email: kimmel@creditlaw.com

Dated: October 8, 2014

PLAINTIFF'S COMPLAINT